## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| TAWANNA FRAISER, on Behalf of Herself and all Others Similarly Situated, | Court File No.: 3:12-CV-01182 (JCH) |
| Plaintiff, | |
| vs. | |
| STANLEY BLACK & DECKER, INC., | November 1, 2012 |
| Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AND TO STRIKE PLAINTIFF TAWANNA FRAISER'S CLASS ALLEGATIONS

Defendant Stanley Black & Decker, Inc. ("Black & Decker") submits this memorandum of law in support of its motion to strike Plaintiff's class action allegations, pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f), and to dismiss Plaintiff's Class Action Complaint under Fed. R. Civ. P. 12 (b)(6) for failing to state a cause of action.

## I. PRELIMINARY STATEMENT

Plaintiff, a Pennsylvania resident, alleges she purchased a set of four Black & Decker® Model EW411 ultrasonic pest repellers in December 2010 at a Pennsylvania Home Depot store, to "repel mice from her home." (Class Action Compl. ("CAC") ¶ 11). Plaintiff alleges that she used each of the four repellers in different rooms of her house for approximately one year with "no effect on the number of mice in her home." (*Id.*). Based upon her alleged dissatisfaction, Plaintiff brings this suit on her own behalf, and on behalf of a putative nationwide class of

purchasers of any model of Black & Decker® pest repeller, for use with any type of pest, in any place.

Plaintiff's CAC, however, asserts claims—both individually and on behalf of the putative class—that are facially deficient.  As an initial matter, Plaintiff lacks standing to sue, and without standing, she cannot bring the lawsuit.  Even if she had standing, the nature and substance of Plaintiff's class action claims are not suitable for class adjudication.  Moreover, even in her non-class allegations, Plaintiff fails to state a cause of action under Connecticut law.  Accordingly, the Court should dismiss Plaintiff's lawsuit and/or strike the class allegations now, before the parties and the judicial system incur the substantial costs associated with litigating a putative class action that is facially deficient.

Therefore, for the reasons set forth herein, the Court should strike and dismiss Plaintiff's claims with prejudice.

## II. <u>STATEMENT OF FACTS</u>

Black & Decker is a Connecticut corporation with its corporate offices located in New Britain, Connecticut.[1]  (CAC ¶ 12).  Plaintiff Tawanna Fraiser is a consumer residing in Philadelphia, Pennsylvania.  (CAC ¶ 11).[2]  At a Pennsylvania Home Depot store in December 2010, Plaintiff purchased a package of four Black & Decker® Model EW411 ultrasonic pest

---

[1]  Black & Decker is not the proper defendant for Plaintiff's claims.  Should this litigation proceed, Black & Decker reserves the right to seek dismissal in light of the fact that, *inter alia*, it did not design, manufacture or sell the product Plaintiff allegedly purchased.  Black & Decker merely licensed its trade name to Applica Consumer Products, Inc., who is the proper defendant.

[2]  For purposes of this motion, the factual allegations of Plaintiff's Complaint are presumed to be true.  Nevertheless, Black & Decker denies the allegations of the CAC.

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

repellers.  Plaintiff alleges that after approximately one year of use in different rooms of her

house, the four devices "had no effect on the number of mice in her home." (*Id.*).  Plaintiff

alleges that Black & Decker advertised and represented that its pest repeller products repel pests

when they do not.  (CAC ¶ 13).  Plaintiff alleges that none of Black & Decker's various pest

repellers, including the other six models named in her CAC, repel pests.  (*Id.*).  Based upon these

allegations, Plaintiff alleges claims for violations of the Connecticut Unfair Trade Practices Act

("CUTPA") (Conn. Gen. Stat. § 42-110b(a)), breach of warranty, and violation of the Magnuson-

Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.*

Although Plaintiff only purchased the Black & Decker® Model EW411, she asserts

claims for six other Black & Decker® pest repeller models that she neither purchased nor used.

Plaintiff also asserts claims on behalf of a putative nationwide class of purchasers of these six

other models without any identification of *which* pest(s) the purchasers were intending to repel,

the *resulting* effect on any such pest(s), the expectations of any such purchasers, or the degree to

which any of the other purchasers did or did not rely, and if so to what extent, on Defendant's

representations about the application, use, and efficacy of those models of pest repellers.

## III. <u>LEGAL ARGUMENT</u>

### A.    <u>PLAINTIFF'S IMPROPER CLASS ALLEGATIONS SHOULD BE STRICKEN</u>

Under Rule 12(f), this Court may strike any "insufficient defense or any redundant,

immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Rule 23(c)(1) directs

district courts to determine "at an early practicable time" whether the proposed class satisfies the

class certification requirements, and Rule 23(d)(1)(D) empowers the Court to "require that the

pleadings be amended to eliminate allegations about representation of absent persons." Fed. R. Civ. P. 23(c)(1), 23(d)(1)(D).

Under Rules 23 and 12(f), a court may "strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained." *Hovsepian v. Apple, Inc.*, No. 08-5788, 2009 U.S. Dist. LEXIS 117562, at *5 (N.D. Cal. Dec. 17, 2009); *see also Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 160 (1982) ("[s]ometimes the issues are plain enough from the pleadings" to show that a class should not be certified); *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 n.3 (D. N.J. 2003) (motion to strike class allegations are appropriate "where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met"). "[T]he Supreme Court has noted that '[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of absent parties are fairly encompassed with the named plaintiff's claim.'" *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) (citing *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982)).

District courts have considerable discretion in deciding such motions—particularly where, as here, they can save significant time and resources. *See Wenc v. Porsche Cars N. Am.*, No. 3:93-cv-1977, 1994 U.S. Dist. LEXIS 6029, at *9 (D. Conn. Jan. 21, 1994) ("The court has broad discretion in disposing of a motion to strike redundant or immaterial matter.") (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 683). "Striking irrelevant content from the pleadings helps avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial." *Kearns v. Ford Motor Co.*, No. CV 05-5644, U.S. Dist. LEXIS at *5 (C.D. Cal. Mar. 22, 2007). *See also Chudasama v. Mazda*

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

*Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("Allowing a case to proceed through the pretrial process with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.").

This court should strike and dismiss Plaintiff's class allegations for any one or more of the following reasons.

### 1.    Plaintiff Lacks Standing to Assert Claims on Behalf of the Putative Class.

Individual standing is a prerequisite for all actions, including class actions. *See O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other members of the class."); *Amador v. Andrews*, 655 F.3d 89, 99 (2d Cir. 2011) ("a class action cannot be sustained without a named plaintiff who has standing."). Moreover, the "named class plaintiffs 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Cent. States Southeast & Southwest Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 199 (2d Cir. 2005) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). An analysis of the standing question therefore precedes any determination under Fed. R. Civ. P. 23. *See In re Salomon Smith Barney Mut. Fund Fees Litig.*, 441 F. Supp. 2d 579, 607 (S.D.N.Y. 2006); *In re AIG Advisor Group Sec. Litig.*, No. 06 CV 1625 (JG), 2007 U.S. Dist. LEXIS 30179, at *16-17 (E.D.N.Y. Apr. 25, 2007)

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

(citing Second Circuit cases that have rejected attempts to delay consideration of Article III standing until the class certification stage).  Standing is not merely a pleading requirement, but an indispensable part of the case, and must be established by evidence appropriate for every stage of the litigation.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Plaintiff has no standing to sue under Connecticut law, or for other models of pest repellers she did not purchase.

> a.      *Plaintiff Has No Standing to Sue Under Connecticut Law*

Plaintiff asserts claims for a nationwide class of purchasers under the Connecticut Unfair Trade Practice Act ("CUTPA").  Plaintiff, however, lacks standing to pursue claims under CUTPA on behalf of a proposed nationwide class which consists almost entirely of out-of-state residents who allegedly suffered an injury outside of Connecticut.

In *Phillips Petroleum Co. v. Shutts*, the Supreme Court held that due process constraints limit a forum state's application of its law to the claims of non-resident class members.  472 U.S. 797, 821-22 (1985).  In order "[t]o apply its law constitutionally to the claims of nonresident class members, the forum state must have a 'significant contact or aggregation of contacts' to the claims asserted by each member of the plaintiff class, contacts 'creating state interests,' in order to ensure that the choice of [forum] law is not arbitrary or unfair." *Clothesrigger, Inc. v. GTE Corp.*, 191 Cal. App. 3d 605, 612-13 (1987) (quoting *Shutts*, 472 U.S. at 821-22 (1985)).

Moreover, § 42-110g(b) of CUTPA itself recognizes these due process constraints: "Persons entitled to bring an action under subsection (a) of this section may, pursuant to rules

6

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

established by the judges of the Superior Court, bring a class action on behalf of themselves and other persons similarly situated who *are residents of this state or injured in this state* to recover damages." (Emphasis added). So both due process limitations, and CUTPA itself, limit class membership to persons who live in Connecticut or are injured here.   *See Metro. Enter. Corp. v. United Techs. Int'l, Corp.,* No. 3:03-cv-1685, 2004 U.S. Dist. LEXIS 12274 at *13 (D. Conn. June 28, 2004) ("a foreign person suffering ascertainable loss outside of Connecticut from unlawful conduct occurring inside the state may initiate an individual action in Connecticut, but may not bring a class action because such plaintiff could not be representative of class members with the statutorily required in-state residency or injury characteristics.").

"[T]he Supreme Court has held that if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendant [...], none may seek relief on behalf of [her]self or any other member of the class." *Cent. States Southeast,* 433 F.3d at 199 (2d Cir. 2005) (quoting *O'Shea,* 414 U.S. at 494) (internal citations omitted)). "A named plaintiff cannot acquire *standing to sue* by bringing [her] action on behalf of others who suffered injury which would have afforded them standing had they been named plaintiffs; it bears repeating that a person cannot predicate standing on injury which [she] does not share. Standing cannot be acquired through the back door of a class action." *Id.* (quoting *Allee v. Medrano,* 416 U.S. 802, 828-29 (1974) (emphasis added).

Simply put, Plaintiff alleges she does *not* live in Connecticut, did *not* purchase the product in Connecticut, and was *not* injured in Connecticut.  Therefore, she cannot recover under

*Rome McGuigan, P.C. • Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

CUTPA. Furthermore, she has no standing to sue on behalf of other out-of-state class members[3], and no standing to sue on behalf of Connecticut residents who might be able to state a cause of action under CUTPA.

> b.   *Plaintiff Has No Standing To Sue For Purchasers of Other Models of Pest Repellers She Did Not Purchase*

As noted above, "A named plaintiff cannot acquire *standing to sue* by bringing [her] action on behalf of others who suffered injury which would have afforded them standing had they been named plaintiffs; it bears repeating that a person cannot predicate standing on injury which [she] does not share. Standing cannot be acquired through the back door of a class action." *Id.* (quoting *Allee v. Medrano*, 416 U.S. 802, 828-29 (1974) (emphasis added).

Here, even if Plaintiff had standing under CUTPA, she will have standing to assert claims only with respect to the model of the product she purchased: she cannot assert claims on behalf of a class of which she is not a member. *See Carrea v. Dreyer's Grand Ice Cream, Inc.,* No. C 10-01044 JSW, 2011 U.S. Dist. LEXIS 6371, at *7-8 (N.D. Cal. Jan. 10, 2011) (named plaintiff's claims regarding product he did not purchase dismissed); *Johns v. Bayer Corp.,* No. 09CV1935 DMS (JMA), 2010 U.S. Dist. LEXIS 10926, at *12-13 (S.D. Cal. Feb. 9, 2010) (same); *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1034 (8th Cir. 2010) (in state consumer-fraud case "a named plaintiff cannot represent a class of persons who lack the ability to bring a suit themselves.").

---

[3]  As a corollary, the out-of-state class members, like Plaintiff herself, would lack standing. "No class may be certified that contains members lacking Article III standing." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006).

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

Plaintiff cannot use a class action as a procedural back-door to standing. Plaintiff has no standing to assert claims on behalf of individuals that purchased different models of pest controllers that she did not. Nor can Plaintiff use the purchases of other models to bootstrap herself into a claim for a product that she never purchased. She simply lacks standing to sue for alleged damages caused by those other models of pest repellers she did not purchase.

As noted above, standing is a prerequisite to any lawsuit – including a purported class action. An analysis of the standing question therefore precedes any determination under Rule 23. Because Plaintiff lacks standing, she cannot proceed with her case, and analysis of the Rule 23 factors is not required. The Court can and should dismiss Plaintiff's lawsuit for lack of standing, and need not even address the Rule 23 deficiencies Defendant demonstrates below.

### 2. Plaintiff's Complaint Does Not and Cannot Meet Rule 23 Requirements

#### a. Individual Questions of Law and Fact Dominate the Class Claims, Making a Class Action Unmanageable

In the event the court finds that Plaintiff does have standing, which she does not, Rule 23(b)(3) requires that common issue of fact or law "predominate" over individual issues, and that a class action be a superior management vehicle for adjudication of the claims at issue. As pleaded, Plaintiff's class allegations do not and can not meet that requirement.

#### i. Individual Questions of Law Pervade the Putative Nationwide Class

Plaintiff asserts claims for a nationwide class of purchasers under CUTPA. As noted above, however, Plaintiff cannot pursue Connecticut state law claims under CUTPA on behalf of a proposed nationwide class which consists almost entirely of out-of-state residents

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

who allegedly suffered an injury outside of Connecticut. *See* CUTPA § 42-110g. Any alleged "injury" arising from purchases of pest repellers suffered by any putative class member who is a resident of any of the other 49 states presumably did not occur in Connecticut. Instead, any such alleged injuries occurred in the state where each member of the putative class either purchased or used the pest repeller.

Given that CUTPA cannot constitutionally or by its own terms apply to putative class members in the other 49 states, the court would presumably need to apply the consumer protection statutes of the other 49 states to the members of the nationwide class. This fact alone strongly supports striking Plaintiff's class allegations. *See Mazza v. Am. Motor Co.*, 666 F.3d 581, 595-96 (9th Cir. 2012), *pet. for reh'g den.* Mar. 16, 2012.

Application of the consumer protection statutes of each class members' state "would make this case unmanageable as a class action" and warrants striking the class allegations. *Id.* In a class action governed by the laws of multiple states, like this one, "variations in state law may swamp any common issues and defeat predominance." *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 741 (5th Cir. 1996); *accord Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 627 (3d Cir. 1996) (predominance defeated, in part, by the number of different state legal standards applicable to controversy), *aff'd*, 521 U.S. 591 (1997). Indeed, courts increasingly find proposed nationwide classes involving the laws of multiple states "unsustainable."[4] As the Sixth Circuit

---

[4] *See In Re HP Inkjet Printer Litig.*, No. C-05-3580, 2008 U.S. Dist. LEXIS 56979, at *21 (N.D. Cal. July 25, 2008) ("HP has submitted a detailed analysis of the variations in state consumer protection and deceptive trade practice laws. This analysis demonstrates the many differences among states with respect to, for example, statutes of limitations, *scienter* requirements, and calculation of damages . . . Based on the record before it, the Court concludes that the proposed nationwide class would be unmanageable."); *In re Bridgestone/Firestone,*

recently explained, where the "laws of many States … govern [plaintiff's] claims … a class action [is] neither efficient nor workable nor above all consistent with the requirements of Rule 23." *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 944 (6th Cir. 2011); *see also Rikos v. Procter & Gamble Co.*, No. 1:11-cv-226, 2012 U.S. Dist. LEXIS 25104 (S.D. Ohio Feb. 28, 2012) (striking proposed nationwide class alleging claims under California law because California's consumer fraud statutes "cannot be constitutionally applied to the claims of class members who neither reside in California nor purchased the product there."); *In re Yasmin & Yaz Prods. Liab. Litig.*, 275 F.R.D. 270, 276 (S.D. Ill. 2011) (striking proposed nationwide personal-injury class "because governing choice of law principles require application of the substantive law of the fifty states and the District of Columbia – laws which vary amongst jurisdictions[.]").

There are numerous, salient, and material differences among the 50 states' consumer protection statutes. For example:

- **No Private Cause of Action.** Some states have no private cause of action or limit the right to a private cause of action. See *Trade 'N Post, L.L.C. v. World Duty Free Americas, Inc.*, 628 N.W.2d 707, 721 (N.D. 2001) (private right of action available only for injunctive relief).

---

*Inc. Tires Prods. Liab. Litig.*, 288 F.3d 1012 (7th Cir. 2002) (denying nationwide class certification because variances in consumer protection and fraud laws rendered class unmanageable); *In re Prempro Prods. Liab. Litig.*, 230 F.R.D. 555, 564 (E.D. Ark. 2005) (refusing to certify 24-state class action because consumer fraud laws "differ with regard to the defendant's state of mind, type of prohibited conduct, proof of injury-in-fact, available remedies, and reliance, just to name a few differences"); *Stipelcovich v. DIRECTV*, 129 F. Supp. 2d 989, 995 (E.D. Tex. 2001) (court *sua sponte* denied certification given burden of applying multiple states' consumer protection laws to claims pled); *In re Stucco Litig.*, 175 F.R.D. 210, 217 (E.D.N.C. 1997); *Lyon v. Caterpillar, Inc.*, 194 F.R.D. 206, 223 (E.D. Pa. 2000) (rejecting nationwide certification because fraud laws of the various states are not uniform and management problems are likely to arise from the need to determine and apply the various consumer fraud acts).

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

•   **No Class Actions.**  Some states do not permit class actions.  *See* Ala Code § 8-19-l0(f); Ga. Code § 10-1-399(a); La. Rev. Stat. Ann.§ 51:1409(A); Miss. Code Ann.§ 75-24-15(4); Mont. Code Ann.§ 30-14-133(1); S.C. Code Ann.§ 39-5-140(a); *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 310-11 (Tenn. 2008).  Other states impose significant restrictions on class actions.  *See* Ohio Rev. Code § 1345.09(B) (class actions limited to actual damages and only if defendant had prior notice that conduct was deceptive); N.M. Stat. Ann. § 57-12-10-E (only named plaintiff may recover treble damages not class members).

•   **Claim Prerequisites.**  Some states do not recognize a consumer protection claim under the circumstances alleged by Plaintiff.  For example, the economic loss doctrine would prevent Plaintiff from pursuing a claim under Pennsylvania's consumer protection statute.  *See Werwinski v. Ford Motor Co.,* 286 F.3d 661, 671 (3d Cir. 2002). Washington residents are required to show that their claim is in the public interest.  *See Smith v. Olympic Bank,* 693 P.2d 92, 96 (Wash. 1985).  Other states have demand and notice requirements.  *See* Ala. Code § 8-19-10(e); Ga. Code Ann. § 10-1-399(b); Mass. Ann. Laws Ch. 93A, § 9(3); Tex. Bus. Com. Code § 17.505.

•   **Levels of *Scienter*.**  There are different levels of *scienter* required to sustain a claim.  *See* Or. Rev. Stat. § 646.638(1) (requiring willful conduct).  Other states require showing of intent to deceive or knowledge.  *See* Idaho Code § 48-603; Kan. Stat. Ann. § 50-626(b)(l); Okla. Stat. Ann. §§ 753(5); Ark. Code. Ann.§§ 4-88-107(a)(1);  and Nev. Rev. Stat. Ann. § 598.0915.

•   **Reliance Requirement.**  Some states require showing of "reliance" on alleged deception. *See Lynas v. Williams*, 454 S.E. 2d 570, 574 (Ga. App. 1995); *Sokolski v. Trans Union Corp.*, 53 F. Supp. 2d 307, 315 (E.D.N.Y. 1999); *Mass. Laborers' Health & Welfare Fund v. Philip Morris, Inc.*, 62 F. Supp. 2d 236, 242 (D. Mass. 1999); *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 658 (D. Nev. 2009).

•   **Statute of Limitations.**  The statute of limitations for bringing claims varies. *See, e.g.,* Cal. Bus. & Prof. Code § 17208 (four years under UCL); Cal. Civ. Code § 1783 (three years under the CLRA); Conn. Gen. Stats. Ann. § 42-110g(f) (three years); N.C. Gen. Stats. § 75-16.2 (four years); Ohio Rev. Code. § 1345.10(C) (two years).

•   **Availability of Treble Damages.**  Some states authorize an award of treble damages. *See* Ala. Code § 8-19-l0(a); Wash. Rev. Code Ann § 19.86.090; 6 Del Code § 2533(c); N.H. Stat. § 358-A:l0.   Others do not.  Ohio Rev. Code § 1345.09(B).

•   **Right to Jury Trial.**  Some states permit jury trials.  *See Robinson v. McDougal*, 62 Ohio App. 3d 253, 575 N.E.2d 469 (Ohio Ct. App. 1988).  Other states do not. *See Richard/Allen/Winter, Ltd. v. Waldorf,* 509 N.E.2d 1078 (Ill. App. Ct. 1987).

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

Even Plaintiff's simpler nationwide warranty claim requires analysis of the warranty law

of 50 states. As other courts recognize, the 50 states' warranty laws differ significantly:

> State laws regarding breach of express and implied warranty also differ greatly
> with regard to "(1) whether plaintiffs must demonstrate reliance, (2) whether
> plaintiffs must provide notice of breach, (3) whether there must be privity of
> contract, (4) whether plaintiffs may recover for unmanifested ... defects, (5)
> whether merchantability may be presumed and (6) whether warranty protections
> extend to used [goods].

*Payne v. FujiFilm, U.S.A., Inc.*, No. 07-385, 2010 U.S. Dist. LEXIS 52808, at \*9 (D.N.J.

May 28, 2010) (quoting *Cole v. GMC*, 484 F.3d 717, 726 (5th Cir. 2007)) (other citation

omitted) (denying certification of nationwide class for breach-of-warranty claims).

Plaintiff's complaint epitomizes the conflict between the warranty laws of even just

Connecticut and Pennsylvania. Plaintiff is a Pennsylvania resident who purchased her product

at Home Depot in Pennsylvania, but is suing under Connecticut warranty law.[5] Connecticut

requires privity to support a cause of action for breach of express warranty, while Pennsylvania

does not. *Cf. Hartford Cas. Ins. Co. v. PureTech Waters of Am., LLC*, No. cv-11602214195,

2012 Conn. Super. LEXIS 898 (Conn. Super. Ct. Mar. 30, 2012) ("in order to sustain an action

for breach of express or implied warranty there has to be evidence of a contract between the

parties, for without a contract there [can] be no warranty.") (internal citations omitted);

*Goodman v. PPG Indus.*, 849 A.2d 1239, 1246 n. 6 (Pa. Super. Ct. 2004).

---

[5] Plaintiff's cause of action under the MMWA does not remedy this inherent problem. While the MMWA provides
consumers with a federal cause of action against warrantors for breach of an implied warranty. 15 U.S.C. §
2310(d)(1), it does not create additional bases for recovery, but rather federalizes existing state law causes of action.
*See Diaz v. Paragon Motors of Woodside*, 424 F. Supp. 2d 519, 540 (E.D.N.Y. 2006).

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

If allowed to proceed as a nationwide class, this action would create an administrative nightmare for the court – just based solely on the differences in consumer protection statutes and warranty law among the class members of the 50 different states.   In short, common legal issues would **not** predominate, and certification of a nationwide class would be inappropriate for that reason alone.

        *ii.*    *Individual Questions of Fact Pervade the Putative Nationwide Class*

Plaintiff lists seven different models of Black& Decker® pest repellers in her CAC.  Still, according to Plaintiff, the models listed in the CAC are only seven of the "various models" of Black & Decker® pest repellers at issue.  As Plaintiff herself states in the CAC, the package on some of the pest repeller models simply stated: "generates powerful ultrasonic signals that repel pests from your home or office." (CAC ¶ 14(b)(e)).  The package on other models was different, with a statement "drives out mice, cockroaches, spiders and other pests." (CAC ¶ 14).  Plaintiff alleges that she purchased only the Model EW411, packaged with the representation that the device "drives out mice, cockroaches, spiders and other pests," and that she read the product's label, and purchased the product to repel mice. (CAC ¶ 11, 14).

Plaintiff included reproductions of the packaging of the seven models of Black & Decker® pest repellers she identifies in her complaint. (CAC ¶ 14).  That packaging, by itself, demonstrates different functionality of each of the pest repeller models, especially based on the size of the room in which it is being used.  The packaging on the Model EP321 says "Ideal for Medium Rooms."  The packaging on the Model EX900-A says "Ideal for Extra Large Rooms."

The packaging on the Model EP1100-A says "for total home coverage." The rear side of that same packaging shows that the Model EP1100-A has many settings the consumer sets – different settings for different pests, and adjustable volume. The bottom line is that the various models of pest repellers are not a "one-size fits all" product – different models have different (and in some cases adjustable) frequencies, power and volume.[6]

Moreover, the class members will have purchased a pest repeller for literally dozens of different pests. Plaintiff purchased hers to repel "mice" inside her home, and based upon some unspecified method of calculating the number of mice she saw, somehow concluded that the device had no effect. Other putative class members will have purchased a device to repel cockroaches, and may have used the device in a smaller space where it was more effective. Other putative class members will have purchased a device to repel spiders, and given the number of devices installed per square foot, obtained efficacy from the device. Other putative class members may have purchased a device to repel rats, and were able to obtain effective results after eliminating a pre-existing infestation.

As indicated in one paper, which *Plaintiff cites in the CAC*, <u>Least Toxic Methods of Cockroach Control</u>, (CAC ¶15(a)), within the general category of "pest cockroaches," there are five different types of cockroaches, which live, feed, breed, forage and travel differently. (See Exhibit B, attached). The same is true for all of these pests – there are Norway rats (*Rattus norvegicus*), house mice (*Mus musculus*) and numerous other rodent pest species. There are

---

[6] The package reproductions Plaintiff incorporates into ¶14 of her CAC are of poor graphic quality. Accordingly, Defendant has attached a more legible version of the packaging as Exhibit A to this Memorandum.

15

***Rome McGuigan, P.C.*** • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

garden spiders (*Argiope aurantia)*, brown spiders (*Loxosceles recluse*), "daddy long-leg spiders" (*Pholcus phalangioides).* These different pests live, feed, breed, forage, and travel differently. Some are vertebrates. Some are not.

Simply put, from a factual standpoint, there are literally hundreds if not thousands of different fact patterns under which putative class members may have chosen and then used one of the numerous models of Black & Decker pest repellers, and under which they evaluated the effectiveness of the device. Different class members chose the devices to repel different types of pests, and even with the same "type" of pests, different species. Different class members were exposed to different packaging. Different class members may or may not have read the packaging. Different class members who read the packaging may or may not have relied on the packaging, or had different levels of knowledge about the product. Different class members will have had different expectations about the meaning of the word "repel" or "repeller." Different class members will have used the different devices in different environments – from hay barns to urban kitchens, from a damp New England coast to a dry Arizona desert. Different class members will have used the devices as part of other means of pest control (insecticides, traps, cats). Different class members will have measured the efficacy – and therefore the benefit of their bargain—differently.

To the extent any putative class member has a claim, investigation of the claim will require a very detailed, fact intensive analysis of that class member's individual claim. Which model did the member chose? Did the class member read the package? Did the class member rely upon the package? What pest(s) was the class member trying to repel? What type of that

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

particular pest was it – a house mouse or a Norway rat?  A German cockroach (*Blattella germanica*) or a Florida brown cockroach (*Eurycotis floridana*)?  Did the class member eliminate an existing infestation before using the device?  How many devices did the class member use in a given space?  Which model of device?  Was the space a damp environment, or a dry environment?  How did the class member evaluate the efficacy of the device, and over what period of time?

These limitless factual scenarios are as unique as a fingerprint, and do not support the predominance of any single, common issue of fact.  The administrative nightmare of applying consumer fraud statutes and warranty law from fifty states by itself is enough to demonstrate lack of predominance.  But when combined with trying to apply that complex matrix of those dozens of laws to the thousands of different factual scenarios, there is no doubt that this case is not suitable for class treatment.

### 3.     There is No Ascertainable Class

Courts also identify ascertainability of class members as a prerequisite of Rule 23. *See Romberio v. Unumprovident Corp.,* 385 F. App'x 423, 431 (6th Cir. 2009) (citing *John v. Nat'l Sec. Fire and Cas. Co.,* 501 F.3d 443, 445 (5th Cir. 2007) (noting that "[t]he existence of an ascertainable class of persons to be represented by the proposed class representative is an implied prerequisite of Federal Rule of Civil Procedure 23"); *see also* 5 James Wm. Moore et al., Moore's Federal Practice ¶ 23.21[3][c] (3d ed. 2007) (explaining that "[a] class definition is inadequate if a court must make a determination of the merits of the individual claims to determine whether a particular person is a member of the class")).

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

> A proposed class must be sufficiently identifiable without being overly broad. It may not be amorphous, vague, or indeterminate and it must be administratively feasible to determine whether a given individual is a member of the class. A putative class is not appropriate for certification if class membership would require fact-intensive mini-trials.

*Mann v. TD Bank, N.A.*, No. 09-1062, 2010 U.S. Dist. LEXIS 112085 (D. N.J. Oct. 20, 2010) (denying class certification for failure to meet Rule 23's implicit requirements) (internal citations omitted); *see also Crosby v. Social Sec. Admin.,* 796 F.2d 576, 580 (1st Cir. 1986) (explaining that a class definition should be based on objective criteria so that class members may be identified without individualized fact finding).

A class definition must be "definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member." *In re Flash Memory Antitrust Litig.*, No. C 07-0086, 2010 U.S. Dist. LEXIS 59491, at *66 (N.D. Cal. June 9, 2010); accord 7A Charles Alan Wright et al., *Federal Practice and Procedure* § 1760.  Where determining membership would require a number of fact-intensive mini-trials, the class is *not* ascertainable as a matter of law. *Id.* at *14-15; *See also Kissling v. Ohio Cas. Ins. Co.,* No. 5:10-22-JMH, 2010 U.S. Dist. LEXIS 48271 (E.D. Ky. May 14, 2010) (dismissing class allegations where the "class's very nature would require extensive, individualized factual inquires to even determine if an individual is a member of the putative class.  Determining membership in the class would essentially involve 'mini-hearings' for each potential member of the putative class…"); *In re Vioxx Prods. Liab. Litig.,* No. 08-1633, 2008 U.S. Dist. LEXIS 95097 at *35 (E.D. La. Oct. 21, 2008) (striking class allegations because "determining class membership would … require an exhaustive series of … factual determinations particular to the unique facts of each case").

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

Accordingly, where Plaintiff's class allegations would require such individualized inquiry on their face, such allegations should be stricken.

Plaintiff proposes the following class:

> All persons in the United States who have purchased Black & Decker Pest Control Devices, including but not limited to models EW411-4p; Ex-310; EX-900A; EP-321; EP-1100A; EX 410; Ex 420, from August 13, 2009 to the present.

(CAC ¶19). Plaintiff's proposed class is extremely overbroad. Plaintiff does not and cannot allege that all of the proposed putative class members – *everyone* who purchased any model of a Black & Decker pest repeller since August 13, 2009 – suffered any out-of-pocket loss from lack of efficacy. Plaintiff does not even allege that every model of Black & Decker® ultrasonic pest repellers is ineffective. Plaintiff alleges only that Black & Decker's ultrasonic pest repellers are generally represented to repel pests, but that Plaintiff experienced no observable decline in the *mouse* population in *her* house using *the Model EW411*. Despite artful drafting, at the very most, Plaintiff's CAC merely questions the efficacy of Black & Decker® ultrasonic pest repellers sold after August 13, 2009.

"Proving a class-wide defect where the majority of class members have not experienced any problems with the alleged defective product, if possible at all, would be extremely difficult. Even where the alleged defect has manifested itself, individual issues of actual cause must be adjudicated." *Chin v. Chrysler Corp.*, 182 F.R.D. 448, 455 (D. N.J. 1998). Accordingly, "both fraud and warranty claims . . . rarely are certified" for class treatment because they raise multiple, individualized issues. *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009); *Int'l Union of Operating Eng'rs Local #68 v. Merck & Co.*, 192 N.J. 372, 390-391 (N.J.

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

2007) (even when consumers received similar information, their reactions differed; individual causation precludes certification); *see also Hovsepian*, 2009 U.S. Dist. LEXIS at *18-19 (N.D. Cal. Dec. 17, 2009) (finding class not ascertainable because it included members who had not experienced any problems with their iMac display screens; "[s]uch members have no injury and no standing to sue"); *Ardoin v. Stine Lumber Co.*, 220 F.R.D. 459, 462-67 (W.D. La. 2004) (same).

Plaintiff's proposed class is overly broad and not ascertainable. Many if not most of the putative class members have not suffered any out-of-pocket loss. Moreover, to the extent any putative class member might be dissatisfied with their purchase, as noted above, the Court would be required to carefully and thoroughly analyze and determine the facts and law applicable to each putative class member to determine if that person was eligible for class membership. Under these conditions, there is no "ascertainable" class, and this action is therefore unsuitable for class treatment.

### 4. Plaintiff Purchased Only One Model of Pest Repeller and Cannot File a Class Action on Behalf of Class Members Who Purchased Other Pest Repeller Models

#### a. *Plaintiff Did Not Suffer Any Injury Under the CUTPA or Warranty Damages Arising Out of Purchase of Other Models of Pest Repellers*

"[T]o be entitled to any relief under CUTPA, a plaintiff must first prove that [she] has suffered an 'ascertainable loss' due to a CUTPA violation." *Collins v. Anthem Health Plans, Inc.*, 880 A.2d 106, 120 (Conn. 2005). To satisfy the "ascertainable loss" standard, a plaintiff needs to prove that she *purchased* an item as a result of an unfair or deceptive practice.

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

*Hinchliffe v. American Motors Corp.*, 184 Conn. 607, 613 (Conn. 1981). Similarly, Plaintiff

cannot maintain a breach of warranty claim for unpurchased products. *See Omega Eng'g, Inc. v.*

*Eastman Kodak Co.*, 30 F. Supp. 2d 226, 247 (D. Conn. 1998) ("A requirement of any breach of

warranty claim is that there be an actual sale of goods."); *Hermanson v. Hermanson*, 19 Conn.

Supp. 479, 482 (Conn. Super. Ct. 1954) ("for breach of express warranty there can be no

recovery except by the person with whom the seller made the contract of which the warranty is a

part.").

Plaintiff purchased only the Black & Decker® EW411 ultrasonic pest repeller. (CAC ¶

11). Therefore, Plaintiff cannot demonstrate "ascertainable loss" sufficient to maintain a

CUTPA claim or a breach of warranty claim for any other model of pest repeller. Plaintiff

suffered no other alleged loss from purchasing any of the other models of pest repeller –

therefore she cannot bring a claim on behalf of purchasers of other models of pest repellers.

In fact, Fed. R. Civ. P. 23 requires named plaintiff's claim to be "typical" of the other

class members. "Rule 23(a)(3) of the Federal Rules of Civil Procedure provides that a class

action may not be maintained unless '"the claims or defenses of the representative parties are

typical of the claims or defenses of the class."' <u>Newberg on Class Actions</u>, "Prerequisites for

Maintaining a Class Action," §3:13, pp.316-17 (4th ed. 2002). "The typicality requirement is

distinct from but 'tend[s] to merge' with the Rule 23(a)(2) requirement of commonality since

'both serve as guideposts for determining ... whether the named plaintiff's claim and the class

claims are so interrelated that the interests of the class members will be fairly and adequately

protected.'" *Lewis Tree Service, Inc. v. Lucent Technologies Inc.*, 211 F.R.D. 228, 234 (S.D.N.Y. 2002)

Plaintiff did not even purchase any of the other models of Black & Decker® pest repellers, let alone suffer an "ascertainable loss" from a purchase of other models. Plaintiff's claim is therefore not typical of the other class members who purchased different Black & Decker® pest controllers. *See Id.* (holding that where named plaintiff purchased only two of sixty different models of products all bearing the same alleged deficiency, plaintiff did not meet Rule 23 typicality requirements); *Cleary v. Philip Morris USA, Inc.*, 265 F.R.D. 289, 293 (N.D. Ill. 2010) (plaintiff did not satisfy Rule 23 typicality requirement where putative class was "defined so broadly that it is likely to include persons who suffered no detriment at all due to [defendant's] conduct"); *Weiner v. Dannon Co.*, 255 F.R.D. 658, 666 (C.D. Cal. 2009) (putative class composed of all purchasers of DanActive, Activia, and Activia Light yogurts did not meet Rule 23 typicality requirement where proposed representative had only purchased Activia).[7]

## B.   PLAINTIFF'S INDIVIDUAL CLAIMS FOR RELIEF FAIL AS WELL

As noted above, Plaintiff herself cannot recover under CUTPA, because she does not live in Connecticut, she did not purchase the product in Connecticut, and she did not suffer any alleged injury in Connecticut.

---

[7] The Supreme Court has noted that the commonality and typicality requirements of Rule 23 "tend to merge with the adequacy-of-representation requirement." *See Dukes*, 131 S. Ct. at 2551 n.5. Here, as recounted above, the glaring deficiencies in Plaintiff's class allegations suggest that Plaintiff similarly fails to meet Rule 23's adequacy-of-representation requirement.

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

As also noted above, under Connecticut law, Plaintiff cannot recover for breach of an express warranty, unless she was in privity with defendant. *Hartford Cas. Ins. Co.*, 2012 Conn. Super. LEXIS 898.  Plaintiff alleges the contrary – that she was in privity with Home Depot, not the defendant.  (CAC ¶ 11).  Accordingly, she cannot recover under breach of warranty either.

In sum, even Plaintiff's attempt to summarily plead a case solely for herself as an individual fails as a matter of law, and her allegations of individual injury throughout the Complaint should be stricken and dismissed pursuant to Rule 12(b)(6).

## IV. CONCLUSION

Plaintiff is attempting to mushroom her personal dissatisfaction with a very specific model of a product under very specific circumstances into a nationwide class action on behalf of anyone in the United States who has purchased any model of ultrasonic pest repeller for use under any circumstance.  Federal law prohibits Plaintiff from doing so.

First, Plaintiff does not have standing to pursue her claims.  Because Plaintiff cannot meet that threshold requirement, and for that reason alone, this Court can and should dismiss her lawsuit.  Second, even if Plaintiff can somehow demonstrate standing, in any event, the class action she pleads does not meet Fed. R. Civ. P. 23's requirements.  Individual questions of law and/or fact dominate the purported class claims, making a class action unmanageable. Furthermore, the class is not ascertainable, and Plaintiff's claim is not typical of the class members.  For any one or more of these three reasons, the Court should strike and dismiss Plaintiff's class action allegations.

Federal courts have increasingly encouraged early assessment of class allegations, and

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

this lawsuit epitomizes why early disposition is appropriate. The putative class and the numerous products at issue demonstrate a myriad of diverse legal and factual issues wholly inappropriate for treatment on a class-wide basis.  The CAC, which itself cites seven different Black & Decker® products, suggests that the class could yet grow to encompass additional Black & Decker® products.  Thus, Plaintiff would ultimately ask the Court to certify a nationwide class of individuals who purchased different products, at different times, for different reasons, and who experienced different results, many of whom lack standing to even assert claims.  Accordingly, to preserve judicial resources and spare the parties unnecessary litigation burdens, the Court should dismiss and/or strike Plaintiff's class allegations.

Finally, even as a single litigant, Plaintiff has not stated a claim for relief under Connecticut law.

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

Date:  November 1, 2012            By: _____ /s/ _____

                                   Jeffrey L. Ment
                                   ROME MCGUIGAN, P.C.
                                   One State Street, 13th Floor
                                   Hartford, CT  06103
                                   Telephone:  (860) 493-3522
                                   Facsimile:  (860) 724-3921
                                   jment@rms-law.com


                                   David L. Young (*pro hac vice pending*)
                                   William E. Manske (*admitted pro hac vice*)
                                   BARNES & THORNBURG LLP
                                   225 South Sixth Street, Suite 2800
                                   Minneapolis, MN 55402
                                   Telephone: (612) 333-2111
                                   Facsimile: (612) 333-6798
                                   david.young@btlaw.com
                                   william.manske@btlaw.com

                                   Mark P. Miller (*admitted pro hac vice*)
                                   BARNES & THORNBURG LLP
                                   One North Wacker Drive, Suite 4400
                                   Chicago, IL 60606-2833
                                   Telephone:  (312) 214-5606
                                   Facsimile:  (312) 759-5646
                                   mark.miller@btlaw.com

                                   **ATTORNEYS FOR DEFENDANT
                                   STANLEY BLACK & DECKER, INC.**

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

## CERTIFICATION OF SERVICE

I hereby certify that on November 1, 2012 a copy of foregoing Notice of Appearance was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

By: _____/S/_____

MIDS01 674422v1